UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 10-00364 SBA (LB) |
| Plaintiff, | ORDER RE JOINT REPRESENTATION |
| v. | (UNDER SEAL) |
| RAYMOND MARK DAVOUDI and BAHAREH NOSRATI SHAMLOU, | |
| Defendants. | |

On May 6, 2010, defendants RAYMOND MARK DAVOUDI and BAHAREH NOSRATI SHAMLOU made their initial appearance, waived their right to indictment by a grand jury, and were arraigned on a felony information charging conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349. Because they waived their right to separate representation and elected to be represented jointly by Edward Prather, Esq., *see* Federal Rule of Criminal Procedure 44(c), the Court enters this order regarding the voluntariness of their waiver.

## I. APPLICABLE LAW

Federal Rule of Criminal Procedure 44(c)(2) provides that the Court has the following responsibilities when, as here, two defendants are represented by the same counsel:

> The court must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to effective assistance of counsel, including separate representation. Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel.

ORDER (UNDER SEAL)
CR 10-00364 SBA (LB)

A criminal defendant's Sixth Amendment right to effective assistance of counsel includes the right to counsel whose loyalties are undivided. *See United States v. Allen*, 831 F.2d 1487, 1494 (9th Cir. 1987). Counsel owes the client a duty of loyalty and a duty to avoid conflicts of interest, which is "perhaps the most basic of counsel's duties." *Strickland v. Washington*, 466 U.S. 668, 690, 692 (1984). Partly because of the importance attached to conflict-free representation, there is no absolute right to counsel of choice, and a trial court has broad discretion to disqualify counsel in situations where an actual or *potential* conflict exists. *See Wheat v. United States*, 486 U.S. 153, 163 (1988) (substantial latitude to reject waivers of conflict and disqualify counsel not only in the rare cases where actual conflicts are demonstrated but also "in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict"); *see United States v. Lightbourne*, 104 F.3d 1172, 1175-76, 1177-79 (9th Cir. 1997) (district court has "substantial latitude" to permit or prevent joint representation under Rule 44(c)); *United States v. Rewald*, 889 F.2d 836, 858 (9th Cir. 1989) (affirming district court's refusal to appoint substitute counsel with potential conflict of interest).

The dangers of conflicts inherent in joint representation of co-defendants can be pronounced in the context of plea bargaining. In *Allen,* for example, a law firm representing several co-defendants negotiated plea agreements for the defendants and submitted a ranking of the defendants' relative culpability for purposes of plea negotiation and sentencing. *See Allen*, 831 F.2d at 1491-92, 1495-96. "[B]y definition," the Ninth Circuit found, this process played one defendant against the other and constituted an actual conflict. *See id.* at 1496.

In *Allen*, the conflict arose from the law firm's affirmatively negotiating plea agreements for its clients, but more typically, the conflict arises from what an attorney does *not* do in terms of negotiating an agreement. As the Supreme Court noted in *Holloway v. Arkansas*,

> Joint representation of conflicting interests is suspect because of what it tends to *prevent* the attorney from doing. For example, [joint representation] . . . may well have precluded defense counsel from [] exploring possible plea negotiations and the possibility of an agreement to testify for the prosecution, provided a lesser charge or favorable sentencing recommendation would be acceptable.
>
> \*          \*          \*
>
> [I]n a case of joint representation of conflicting interests, the evil . . . is in what the advocate finds himself compelled to *refrain* from doing, not only at trial but also as to possible pretrial

plea negotiations and in the sentencing process.

435 U.S. 475, 489-90 (1978) (emphasis added).

### III.  ADVISEMENT ON THE RECORD

Based on the potential conflict of interest, and at the May 6, 2010, hearing, the Court inquired about the propriety of joint representation with each defendant and counsel.  *See* Fed. R. Crim. P. 44(c)(2).  In conducting its inquiry, the Court (a) used and elaborated on the questions in section 1.08 of the Benchbook for United States District Judges (Sept. 2007), which is attached to this order as Exhibit A, and (b) provided the parties copies of the colloquy and adjourned the hearing to give defense counsel time to review the colloquy with both defendants before the Court conducted the on-the-record colloquy.

After that adjournment, the Court addressed the defendants personally in open court, inquiring into their background and determining that they were competent and that their election of joint representation was voluntary and did not result from force, threats, or promises.  The Court reviewed, and the defendants acknowledged that they understood, the following: (a) the serious nature of the charges and the maximum penalties, (b) the right to effective assistance of counsel, including the right to conflict-free, independent representation, and (c) the apparent conflict of interest in and dangers of joint representation, including the different ways that joint representation might work to each defendant's disadvantage during investigations, plea negotiations for defendants with different culpability (and different opportunities for cooperation or more favorable dispositions), trials, and sentencings.  *See* Fed. R. Crim. P. 44(c)(2); Exhibit A.  The Court offered the opportunity to consult with separate, independent counsel about the wisdom of waiving the right to separate counsel and electing joint representation, and it offered to make counsel available and adjourn the case to a different day to allow the defendants more time to consider the issue.  The defendants declined both offers.

The Court then asked defense counsel to state on the record, and counsel so stated, that there was and would be no conflict that could result in a lack of effective assistance of counsel or any other prejudice to either defendant.  In particular, the procedural posture of the case (which is currently proceeding by sealed felony information charging both defendants) is that both defendants

ORDER (UNDER SEAL)
CR 10-00364 SBA (LB)

are cooperating with the government into its ongoing investigation.

Thereafter, the Court secured an on-the-record waiver by both defendants, who each (a) acknowledged again that they understood their right to separate representation, the right to effective assistance of counsel, and the potential conflicts of joint representation, and (b) waived their right to separate representation and elected to be represented jointly by Edwin Prather.  The Court specifically found on the record that (a) the defendants were fully competent and capable of considering the issue of joint representation, (b) they were aware of the nature and seriousness of the charges and penalties, (c) they understood their right to separate representation, the right to effective assistance of counsel, the consequences and potential conflicts of joint representation, and (d) understanding their rights and these consequences, they knowingly and voluntarily waived their right to separate representation and elected to be represented by Edwin Prather.

### IV.  FURTHER PROCEEDINGS

The Court set the matter for further proceedings before Judge Armstrong on Mary 18, 2010, at 1l a.m.

### V.  SEALING ORDER

Because this order refers to sensitive issues about cooperation, the Clerk of the Court shall file it under seal until further order of the Court.

**IT IS SO ORDERED.**

Dated: May 17, 2010

_____
LAUREL BEELER
United States Magistrate Judge